**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mykola Kovalchuk,

Petitioner,

v.

Christopher McGregor, et al.,

Respondents.

No. CV-26-01748-PHX-KML (MTM)

**ORDER**

Petitioner Mykola Kovalchuk, through counsel, filed a petition for a writ of habeas corpus challenging his immigration detention while he was held in an Arizona immigration facility in March 2026. (Doc. 1.) Kovalchuk, a Ukrainian, simultaneously sought a temporary restraining order because he had been told he was being removed to Poland. (Doc. 2.) Respondents did not oppose, and the court ultimately granted, a preliminary injunction barring respondents from removing Kovalchuk pending issuance of the First Circuit's mandate in *D.V.D. v. U.S. Dep't of Homeland Security*, No. 26-1212 (1st Cir.). (Doc. 17 at 1.) *D.V.D.* concerns a class of non-citizens alleging the Department of Homeland Security was attempting to remove them to "countries neither designated in their removal orders nor identified in writing during prior removal proceedings as potential countries of removal." *D.V.D. v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, 2026 WL 2797801, at *1 (1st Cir. 2026). The parties seem to agree Kovalchuk is a member of the *D.V.D.* class. (*See* Docs. 11 at 4-7; 15 at 1; 24 at 2.)

Kovalchuk amended his petition after this court granted the preliminary injunction.

(Doc. 18.) The amended petition requested Kovalchuk's immediate release under three theories: (1) holding him without a post-order custody review ("POCR") prior to the expiration of his 90-day removal period violates 8 C.F.R. § 241.4(h)(1) and the Fifth Amendment; (2) holding him past the removal period violates 8 U.S.C. § 1231 and due process because the court's preliminary injunction means "the removal order cannot be executed"; and (3) holding him violates the Fifth Amendment because there is no significant likelihood of his removal, also due to the preliminary injunction. (Doc. 18 at 9-13.) The response to the amended petition argues Kovalchuk's removal period expired in 2008 so the regulations do not entitle him to a POCR, and a judicial stay of removal does not render detention indefinite under binding Ninth Circuit authority. (Doc. 22 at 2-7 (discussing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)).) Because Kovalchuk has not met his burden of showing he is entitled to a writ of habeas corpus, the petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

First, *Prieto-Romero* compels rejection of Kovalchuk's due-process claims based on "indefinite" detention and "no significant likelihood of removal" because of the court's preliminary injunction. *See Prieto-Romero*, 534 F.3d at 1063 ("Although his removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were.") (citing *Zadvydas v. Davis*, 533 U.S. 678, 121 (2001)). *Prieto-Romero* squarely held that a judicial stay of removal—in that case, entered by the Ninth Circuit—does not render detention indefinite for statutory or due process purposes. *Id*. at 1056, 1062-63. As such, *Zadvydas*'s prohibition on indefinite detention does not apply to petitioners whose removal is stayed by their own pursuit of judicial relief so long as the government "stands ready" to remove the petitioner once judicial review is complete. *Id*. at 1063. Respondents have made that showing here. (Doc. 22-1 at 3 ("ICE-ERO has the necessary travel documents to effectuate removal. The stay of removal that is currently in place is the only limitation on ICE-ERO effectuating removal").) Counts two (to the extent it alleges a

statutory violation in continued detention) and three of Kovalchuk's petition therefore fail under *Prieto-Romero*.

That leaves Kovalchuk's regulatory challenges to his continued detention without a POCR. Respondents argued the regulation on which the amended petition relied does not apply because his 90-day removal period expired in 2008. (Doc. 22 at 2.) Kovalchuk's reply provided no other regulatory basis for his claim and instead relies on 8 C.F.R. § 241.4(h) having been "enacted in response to the Supreme Court's concerns in *Zadvydas*." (Doc. 23 at 6.) But as explained, detention is not indefinite for *Zadvydas* purposes when a judicial stay is the only obstacle to removal. *Prieto-Romero*, 534 F.3d at 1063. *Zadvydas* having motivated the promulgation of the regulation on which Kovalchuk relies, but unquestionably does not apply to him, does not salvage his remaining claim.

This is not to say Kovalchuk may not have some sort of due process claim based on his continued confinement without a custody review.[1] *See id*. at 1066 (contrasting Prieto-Romero's detention with an alien held for three years without "*any* individualized bond determination"); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."); *Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"). But the court holds Kovalchuk's counsel to the arguments he made in the amended petition, and they fail under Ninth Circuit law.

/

/

/

/

[1]Kovalchuk would need to bring any new petition in New Jersey, where he is now confined (Doc. 26). *See Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004).

Accordingly,

**IT IS ORDERED** the amended petition for writ of habeas corpus (Doc. 18) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 28th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**